UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-22757-CIV-GOODMAN

[CONSENT CASE]

CRISTINA RODRIGUEZ, et al.,

    Plaintiffs,
v.

BURLINGTON COAT FACTORY
WAREHOUSE CORP., et al.,

    Defendants.
_____

### ORDER APPROVING FLSA SETTLEMENT

    This matter is before the Court following a fairness hearing on February 15, 2012, during which the Court heard from counsel regarding the fairness of the settlement of the plaintiffs' claims alleging violations of the Fair Labor Standards Act ("FLSA") for failure to pay overtime.

    In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945).  However, there are two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor <u>or</u> (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement.  29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

    An employee may settle and release FLSA claims against his employer without the

supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

The Court reviewed the terms of the settlement during the hearing and heard argument from the parties' counsel on the above subjects. In addition, the Court questioned counsel about the specifics of the settlement, including the breakdown of fees and costs. The Court considered the factors outlined in *Lynn's Food Stores*, including the strength of the parties' cases, the anticipated costs of a trial, the factual positions of the parties, the existence (or lack thereof) of documents supporting or corroborating the parties' positions, and the parties' desire to resolve the dispute sooner, rather than later.

The Court finds that the settlement here represents a genuine compromise of a bona fide dispute. The plaintiffs have accepted less money than they claim is owed (given their liquidated damages claim) while the defendants, who have denied liability, have agreed to pay plaintiffs more than they believe is due under the law. All parties have agreed to settle as a result of reasonable strategic and financial considerations.

Therefore, the Court finds that the settlement here occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable. Accordingly, it is

**ORDERED** and **ADJUDGED** that the parties' settlement agreement is fair and reasonable, the settlement is **APPROVED**, this action is **DISMISSED WITH PREJUDICE**

[CONSENT CASE]

and this case is **CLOSED**. The Court reserves jurisdiction for **ninety (90)** days to enforce the terms of the parties' settlement.

      **DONE and ORDERED**, in Chambers, in Miami, Florida, this 15th day of February, 2012.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

All counsel of record